## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>(Rural Development f/k/a Farmers Home )<br>Administration, and the U.S. Small )<br>Business Administration, )<br>           )<br>        **Plaintiff,** )<br>           )<br>    v.    )<br>           )<br>DENISE BLAKE and the VIRGIN ISLANDS )<br>HOUSING FINANCE AUTHORITY, )<br>           )<br>        **Defendants.** )<br>_____) | Civil Action No. 2014-0070 |

**Attorneys:**
**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Flavia Logie, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Virgin Islands Housing Finance Authority*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment against Defendant Denise Blake" (the "Motion") filed by Plaintiff United States of America (Rural Development f/k/a Farmers Home Administration and the U.S. Small Business Administration) ("Plaintiff" or the "United States"). (Dkt. No. 12). For the reasons discussed below, the Court will grant the United States' Motion for Default Judgment against Defendant Blake.[1]

---

[1] The Court has granted a Motion to Enter Consent Judgment (Dkt. No. 14) and approved a Consent Judgment of Foreclosure in favor of the United States against the remaining Defendant, Virgin Islands Housing Finance Authority. (Dkt. No. 15).

## I.   BACKGROUND

On September 29, 2014, Plaintiff filed a Complaint for debt and foreclosure against Defendant Denise Blake ("Blake") and Defendant Virgin Islands Housing Finance Agency ("VIHFA"). (Compl., Dkt. No. 1). The United States alleged that, on March 24, 2006, Blake executed and delivered to Plaintiff, acting through Rural Development (also known as Rural Housing Service, an agency of the U.S. Department of Agriculture), a Promissory Note (the "Note") in which she promised to pay the United States $82,701.00, plus interest at the rate of 5.375% per annum, and to pay $446.51 in monthly installments beginning on April 24, 2006. *Id.* ¶ 6. As security for payment on the Note, Blake executed and delivered to the United States a Mortgage encumbering the following property ("the Property") described as:

> Plot No. 207, Estate Williams Delight, Prince Quarter, St. Croix, Virgin Islands consisting of 10,212.50 Sq. Ft., more or less, as more fully shown and described on OLG Drawing No. 2797, dated June 1, 1970, revised January 7, 1971.

*Id.* ¶ 7. The Complaint alleged that, on April 14, 2006, Blake executed and delivered to the United States a real estate mortgage modification agreement (the "Amended Mortgage") to correct the maturity date of the loan from March 9, 2039 to March 24, 2039. *Id.* ¶ 8. On March 9, 2006, Blake also entered a Subsidy Repayment Agreement with the United States, providing for the United States to recapture interest credits granted to Blake upon foreclosure of the Mortgage. *Id.* ¶ 9.

The Complaint further alleged that Blake defaulted under the terms and conditions of the Note and Amended Mortgage by failing to pay the monthly installment due on January 24, 2013 and all subsequent installments. As a result, Plaintiff declared the entire amount of the indebtedness evidenced by the loan documents to be immediately due and payable, and demanded payment. As of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 10-12. The Complaint provided that the following sums were due under the Note as of March 1, 2014:

$74,301.57 in principal, $4,726.79 in interest from December 24, 2012 through March 1, 2014, and $17,116.04 in costs and fees, for a total of $96,144.40. That sum accrues interest at the rate of $10.9417 per diem until the date of Judgment, and at the legal rate of interest, pursuant to 28 U.S.C. § 1961, thereafter. *Id.* ¶ 13.

The United States named VIHFA as a Defendant because it "may claim an interest in the aforesaid real property by virtue of a second mortgage executed in its favor by Blake," dated March 29, 2006 and modified on May 10, 2006. *Id.* ¶ 14.

The United States sought judgment against Blake, *inter alia*, for all amounts due under the Note; foreclosure of the Mortgage; and judgment declaring the priority of liens against the Property as between the United States and VIHFA, including that the United States holds a first priority lien. *Id.* at pp. 5-6.

On December 15, 2014, Blake filed a Waiver of Service of Summons. (Dkt. No. 3). She had sixty days after waiving service to file her answer to the Complaint but did not do so. Accordingly, on March 19, 2015, the Clerk of Court entered default against her. (Dkt. No. 6).

Defendant VIHFA filed an answer on December 23, 2014. (Dkt. No. 4).

On June 1, 2015, the United States filed the instant Motion for Default Judgment against Blake. (Dkt. No. 12). In its Memorandum in Support of its Motion, the United States contends that it is authorized to foreclose on the Property because: (1) Blake executed and delivered the Note and Mortgage to the United States, in which she promised to pay the debt owed, and pledged the Property as security for the debt; (2) Blake agreed that the United States would recoup any subsidies provided to her in the event of default; and (3) the United States sent a Notice of Default, Acceleration of the Mortgage, and Demand for Payment to Blake at the address she provided. (Dkt. No. 13). The United States also asserts that the requirements for a default judgment are

3

satisfied as Blake received notice of the foreclosure action and waived formal service of process; the Clerk of Court entered default against Blake in March 2015; and Blake is not an infant or an incompetent person, nor in active duty in any branch of the military service. *Id.* In addition, the United States argued that the three factors for determining whether default judgment was appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), were met. *Id.*

The United States included a Declaration on the Certification of Government Records signed by Kimme R. Bryce, Area Director, United States Department of Agriculture (Rural Development), who had personal knowledge of the documents executed by Blake, which were regularly maintained as part of the United States' business records. (Dkt. No. 13-1). Ms. Bryce also signed a Certificate of Indebtedness, attached to her Declaration, certifying that Blake was indebted to the United States in the amount stated on the attached Payoff Information Sheet, which itemized how the interest and costs on the account were calculated. (Dkt. No. 13-2).

Ms. Bryce asserted that, as of April 15, 2015, Blake was indebted to the United States in the principal amount of $74,301.57; plus accrued interest from December 24, 2012 to April 15, 2015 in the amount of $9,212.87; plus late charges of $53.58; plus payment of taxes, insurance, title search and escrow fees of $22,315.98; plus interest on those fees of $2,119.53; for a total indebtedness of $108,003.53. In addition, $10.9417 in per diem interest on the principal and $2.8251 in per diem interest on the fees accrues from April 16, 2015 until the date of Judgment. (Dkt. No. 13-2).

The United States also provided a Declaration of Angela Tyson-Floyd, Esq., counsel for the United States, who averred that Blake acknowledged service of the Complaint by mail and returned to the United States a waiver of service of process that was filed with the Court; Blake

4

did not answer the Complaint; the Clerk of Court entered default against her; and Blake was not an infant or incapacitated person. (Dkt. No. 13-3). Attorney Tyson-Floyd also averred that Blake was not in the military service, as shown by an attached Status Report pursuant to the Servicemembers Civil Relief Act. (Dkt. Nos. 13-3. 13-4).

On August 24, 2015, the United States filed a "Motion to Enter Consent Judgment" which attached a "Consent Judgment of Foreclosure" signed by counsel for the United States and counsel for Defendant VIHFA. (Dkt. Nos. 14, 14-1). In the Motion, the United States asked the Court to approve and sign the Consent Judgment, as both parties had stipulated to the facts and consented to the attached Judgment. (Dkt. No. 14). The Consent Judgment of Foreclosure provided, *inter alia*, that "VIHFA's Mortgage is a second priority lien on the Property and is inferior to the lien of the United States." (Dkt. No. 14-1, ¶ 10). The Court has approved the Consent Judgment of Foreclosure. (Dkt. No. 15).

## II.     APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).  In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of

5

damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III.  ANALYSIS

The United States has satisfied all of the requirements necessary to obtain a default judgment against Blake. It has properly shown that: (1) default was entered against Blake by the Clerk of Court (Dkt. No. 6); and (2) Blake has not appeared.  Further, in the Declaration of Counsel, Angela Tyson-Floyd, Esq. averred, upon information and belief, that Blake is not an infant or "incapacitated person."[2] (Dkt. No. 13-3, ¶ 5); *see FirstBank Puerto Rico v. Jaymo*

---

[2] Pursuant to Rule 55(b)(1), a party seeking default judgment must show that the defendant who has defaulted "is neither a minor nor an incompetent person." While "incompetent" and

*Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that counsel's "information and belief" are sufficient grounds upon which to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment). Attorney Tyson-Floyd also declared, and the record shows, that Blake has been validly served with all pleadings, having executed a Waiver of Service (Dkt. No. 3). In addition, the United States provided a copy of the Military Status Reports from the Department of Defense Manpower Data Center showing that Denise Blake is not a member of the military service as defined in the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 13-3, ¶ 6; Dkt. No. 13-4). Further, the United States has shown with specificity how it calculated the amount of monies due by providing the Declaration of Kimme Bryce, a Certificate of Indebtedness, and a Payoff Information Sheet. (Dkt. Nos. 13-1, 13-2).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from the apparent absence of a litigable defense by Blake renders default judgment appropriate. In addition, Blake's default was a result of her culpable conduct as evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment against Defendant Blake is appropriate.

---

"incapacitated" are not synonymous, the Court will not require the United States to resubmit its attorney declaration on this point.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's Motion for Default Judgment against Defendant Denise Blake. (Dkt. No. 23).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 8, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge